UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

OLVIN A. VASQUEZ,

        Plaintiff,

-against-

MAJOR WORLD CHEVROLET, LLC and
CAPITAL ONE AUTO FINANCE, INC.,
        Defendants.

---------------------------------------------------------X

STIPULATION OF DISMISSAL
WITH PREJUDICE AND WITH
RESERVATION OF
JURISDICTION OVER
SETTLEMENT

16-cv-06815 (NG) (JO)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 28 2017 ★
BROOKLYN OFFICE

The undersigned, counsel for all parties, hereby stipulate and agree as follows:

Pursuant to Fed. R. Civ. P. 41(a) and the settlement agreement between the parties, Plaintiff hereby discontinues the above-titled action with prejudice as against all Defendants. Notwithstanding the foregoing, the parties agree, and the Court hereby so orders, that the Court shall retain jurisdiction over all matters related to the settlement agreement entered into by the parties, including but not limited to interpretation and enforcement of same.

Dated: 5/21/17

_____
DANIEL SCHLANGER
KAKALEC & SCHLANGER, LLP
85 Broad Street, 18th Floor
New York, NY 10004
T. 212-500-6114, ext. 101
F. 646-612-7996
dschlanger@kakalec-schlanger.com

*Attorney for Plaintiff*

_____
WILLIAM M. DELLICATO
928 Broadway, Suite 1000
New York, New York 10010
Phone: (212) 244-4890

*Attorney for all Defendants*

So Ordered.

/s/ *Nina Gershon*
Hon. Nina Gershon, U.S.D.J.

7-27-17

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS (the "Agreement") is entered into this 21st day of April 2017 (the "Effective Date") by and between Olvin A. Vasquez ("Vasquez" or "Plaintiff") on the one hand, and Major World Chevrolet, LLC ("Major World") and Capital One, N.A. ("Capital One") (collectively "Defendants") on the other.

### RECITALS

WHEREAS, Vasquez filed a currently pending lawsuit against Defendants titled *Vasquez v. Major World Chevrolet, LLC, et al.*, (Index: 16-cv-06815) ("the Litigation") in which he has asserted certain claims arising from the sale of a certain 2012 Toyota Camry, VIN number 4T1BF1FK2CU157429 (the "Vehicle"); and

WHEREAS, the Vasquez and Major World and Capital One (collectively, the "Parties") now desire to compromise and settle all claims or potential claims between them relating in any way whatsoever to the Vehicle;

WHEREAS, Capital One has averred in its answer that Capital One, N.A. is the proper name of the assignee Defendant in this matter;

NOW THEREFORE, in consideration of the foregoing Recitals and the terms and conditions set forth herein, the Parties hereto agree as follows:

1. **Payment.** Within fourteen (14) days of its receipt of this Agreement executed by Vasquez and an IRS form w-9 executed by their Counsel, Major World shall wire the sum of seventeen thousand five hundred dollars ($17,500.00) (the "Settlement Payment"), in full and final settlement of the Litigation, including all costs and fees associated therewith. The payment shall be wired to Kakalec & Schlanger, LLP's escrow account using the following wire information:

| | |
|---|---|
| **Bank:** | JPMorgan Chase Bank, N.A. |
| **Account Name:** | Kakalec & Schlanger, LLP |
| **Account Number:** | 744522202 |
| **Routing Number:** | 021000021 |

Time is of the essence and, in the event that payment of the Settlement Payment is not received on or before the deadline set forth above, same would constitute a material breach of this Agreement. The parties further agree that if such a material breach occurs, Vasquez is entitled to enforce this Agreement through the Courts and Defendants shall hold harmless and indemnify Vasquez for the costs of such enforcement, including Vasquez's court costs and reasonable attorneys' fees.

2. <u>1099 Regarding Settlement Payment</u>. In connection with the Settlement Payment, Major World shall issue, in the ordinary course of reporting payments to the Internal Revenue Service, a 1099-MISC to the law offices of Kakalec & Schlanger, LLP for the year 2017, stating the Settlement Payment, provided that it is tendered and negotiated in 2017 as "gross proceeds paid to an attorney" in box 14.

3. <u>Dealership To Pay Balance Of Loan:</u> In addition to the Settlement Payment set forth above, Major World shall within seven (7) days of signing this agreement, pay off the balance of the loan on the Vehicle in its entirety (Capital One account # 620752788696). In connection with same, Major World acknowledges that Vasquez has provided Major World with a copy of a current payoff letter from Capital One. After the balance of the loan has been paid, Major World will submit to Kakalec & Schlanger LLP notification in writing of said payoff. It is understood and agreed by the parties that with regard to Defendants' waiver of all claims against Plaintiff including waiver of any balance on Capital One account # 620752788696, that these are disputed legal claims and do not represent a discharge of indebtedness for purposes of 26 U.S.C. § 61(a)(12) or the

regulations covering IRS form 1099-C. Consequently, Defendants agree that no 1099 will be issued, ever, regarding the adjustment of the Vasquez account balance to zero.

4. <u>Return Of The Vehicle:</u> The Parties agree that Vasquez shall drop off the Vehicle, as is, at a mutually agreeable time within fourteen (14) days of execution of this Agreement but not until after Major World has verified that it has made the payments pursuant to ¶¶ 1 and 3 above. Vasquez represents that he has the keys to the Vehicle and shall provide same to Major World or its agent. The parties shall work together to promptly effect transfer of title to Major World, with any documents necessary to same to be mutually agreed upon in advance of dropoff of the Vehicle and signed by Vasquez at the time of dropoff. Major World will provide fare sufficient to cover cab/livery ride to Vasquez' home at that time.

5. <u>Releases</u>.

    A. *Vasquez's Release of Major World and Capital One*: Effective immediately upon the receipt and clearance of all settlement funds as described herein and payoff of the Vehicle loan balance, Vasquez, for himself, his attorneys, insurers, assignees, transferors, transferees, affiliates, agents and representatives, releases and forever discharges Major World and Capital One, and their respective insurers, assignees, transferors, transferees, principals, partners, officers, directors, employees, servants, subsidiaries, parent corporations, affiliates, successors, stockholders, agents, and representatives (collectively the "Releasees") from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, which arise directly or indirectly out of any facts, events, or transactions that in any way relate to or arise from, out of or based upon the Vehicle, the Releasees' actions with respect to the Vehicle and/or

Vehicle transaction, or that occurred from the beginning of time through the date that Major World and Capital One executes and makes full payment under this Agreement.

B. *Major World's and Capital One's Release Of Vasquez*. Major World and Capital One hereby release Vasquez, his agents, representatives, heirs and estate from any and all claims, causes of action, damages, losses, debts, obligations, agreements, liabilities, judgments, debts, attorney's fees, costs and expenses which arise directly or indirectly out of any facts, events, or transactions that occurred from the beginning of time through the date that Vasquez execute this Agreement, and in any way related to, arise from, out of or based upon the Vehicle and/or Vehicle transaction.

6. Dismissal of the Litigation. Upon execution of this agreement, the parties shall also execute a notice of dismissal with prejudice and stipulation regarding retention of jurisdiction attached as "Exhibit A" (collectively, the "notice of dismissal"). The executed notice of dismissal shall be held in escrow by Plaintiff's counsel and of no effect until timely payment of the settlement amount is made by Major World. Within seven (7) calendar days of Plaintiff timely receipt of the settlement funds, Plaintiff shall file the notice of dismissal with the Court.

7. Credit Reporting: Defendants agree that it will report Plaintiff's account as "paid in full" or "paid as agreed" to all credit reporting agencies. Defendants agree to request removal of any negative credit entries on each credit report with regard to the Vasquez Account, the placement of which it, or any of its parents, subsidiaries, affiliates, successors, agents, independent contractors or assigns was responsible (and to replace it with a report of "paid in full" or "paid as agreed". In the event that an adverse description of the account history (e.g. "charged off", "settled for less than the full amount", etc.) subsequently appears on Plaintiff's credit report, Defendants agree that within thirty (30) days of receiving written

notice of same, Defendants will re-request that the account be reported as "paid in full" or "paid as agreed". Plaintiff acknowledges that Defendants do not control how the credit reporting agencies will respond to Defendants' properly made requests with regard to the credit reporting on the Vasquez account and shall not be liable in the event that a credit reporting agency fails to honor any such properly made request. Plaintiff's counsel shall provide draft copy of this communication for use as above.

8. No Admission of Wrongdoing. This Agreement effects a settlement of claims that are disputed. This Agreement is a compromise of a dispute resulting from arms-length negotiations conducted by the Parties with the Parties' full approval and consent and is entered into for the purpose of avoiding the expense and/or burden of litigation. Payment by a party released is not to be construed as an admission of liability on the part of that party, by whom liability is hereby expressly denied.

9. Binding on Successors. This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the Parties hereto.

10. Construction. This Agreement shall not be construed against the party preparing it, but shall be construed as if the Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party. This Agreement is to be interpreted, enforced and governed by and under the laws of the State of New York, without giving effect to the conflict-of-laws, rules and principles thereof.

11. Modification. This Agreement shall not be modified by either party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by the party to be charged therewith.

12. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date. Photocopies or facsimile copies of executed copies of this Agreement may be treated as an original.

13. <u>Severability</u>. The Parties agree that if any provision of this Agreement should become inconsistent with present or future law having jurisdiction over and otherwise properly governing the subject matter of the provision, such provision shall be deemed to be rescinded or modified in accordance with any such law. In all other respects, the Parties agree that the other provisions of this Agreement shall continue and remain in full force and effect.

14. <u>Entire Agreement</u>. This Agreement contains the entire understanding and agreement between the Parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the Parties hereto. The Parties hereto acknowledge that each party has not executed this Agreement in reliance on any such promise, representation or warranty.

THIS AREA OF PAGE BLANK

AGREED:

_____        5/1-2017
OLVIN A. VASQUEZ                        Date

MAJOR WORLD

By: _____
Title: MANAGING MEMBER
Date: 5/2/17

CAPITAL ONE

By: _____
Title: _____
Date: _____

AGREED:

_____   _____
OLVIN A. VASQUEZ                 Date


MAJOR WORLD

By: _____
Title: _____
Date: _____


CAPITAL ONE

By: _Morgan L. Manning_
Title: _Manager, Counsel_
Date: _May 1st, 2017_